UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL OTRO LADO,<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>      Defendant. | Civil Action No. 24-0925 (TJK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART
<u>OR, IN THE ALTERNATIVE, TO DISMISS</u>**

## TABLE OF CONTENTS

LEGAL STANDARDS ............................................................................................................. 1

    I.      Failure to State a Claim Under Rule 12(b)(6) .......................................................... 1

    II.     Summary Judgment Under Rule 56 ........................................................................ 2

ARGUMENT .................................................................................................................................. 3

CONCLUSION ............................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases** *Page(s)*

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) ................................................................................................................. 3

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................................................. 1, 2

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................................. 2

*Bestor v. CIA*,
 Civ. A. No. 04-2049, 2005 WL 3273723 (D.D.C. Sept. 1, 2005) ............................................ 5

*Betz v. First Credit Servs.*,
 139 F. Supp. 3d 451 (D.D.C. 2015) ......................................................................................... 1

*Bigwood v. Def. Intel. Agency*,
 699 F. Supp. 2d 114 (D.D.C. 2010) ......................................................................................... 5

*Browning v. Clinton*,
 292 F.3d 235 (D.C. Cir. 2002) ................................................................................................. 1

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ................................................................................................................. 3

*Colbert v. Potter*,
 471 F.3d 158 (D.C. Cir. 2006) ................................................................................................. 2

*Czekalski v. Peters*,
 475 F.3d 360 (D.C. Cir. 2007) ................................................................................................. 3

*Greene v. Dalton*,
 164 F.3d 671 (D.C. Cir. 1999) ................................................................................................. 3

*Haleem v. Dep't of Def.*,
 Civ. A. No. 23-1471 (JEB), 2024 WL 230289 (D.D.C. Jan. 22, 2024) ............................... 4, 6

*Hidalgo v. FBI*,
 344 F.3d 1256 (D.C. Cir. 2003) ........................................................................................... 2, 4

*Ivey v. Paulson*,
 227 F. App'x 1 (D.C. Cir. 2007) .............................................................................................. 6

*Jean-Pierre v. Bureau of Prisons*,
 880 F. Supp. 2d 95 (D.D.C. 2012) ........................................................................................... 2

*Jud. Watch, Inc. v. Rossotti*,
　326 F.3d 1309 (D.C. Cir. 2003) ................................................................................................ 6

*Kangethe v. D.C. Dep't of Emp. Servs.*,
　891 F. Supp. 2d 69 (D.D.C. 2012) ........................................................................................... 1

*Lakin v. Dep't of Just.*,
　917 F. Supp. 2d 142 (D.D.C. 2013) ......................................................................................... 2

*Machado Amadis v. Dep't of State*,
　971 F.3d 364 (D.C. Cir. 2020) ................................................................................................. 4

*Manuel v. Potter*,
　685 F. Supp. 2d 46 (D.D.C. 2010) ........................................................................................... 3

*Oglesby v. Dep't of Army*,
　920 F.2d 57 (D.C. Cir. 1990) ........................................................................................... 4, 5, 6

*Pinson v. Dep't of Just.*,
　69 F. Supp. 3d 108 (D.D.C. 2014) ........................................................................................... 2

*Scott v. Harris*,
　550 U.S. 372, (2007) ................................................................................................................ 3

*Shteynlyuger v. Ctrs. for Medicare & Medicaid Servs.*,
　698 F. Supp. 3d 82 (D.D.C. 2023) ....................................................................................... 6, 7

*Wilbur v. CIA*,
　355 F.3d 675 (D.C. Cir. 2004) ................................................................................................. 5

*Wildlife v. U. S. Border Patrol*,
　623 F. Supp. 2d 83 (D.D.C. 2009) ........................................................................................... 2

*Yates v. District of Columbia*,
　324 F.3d 724 (D.C. Cir. 2003) ................................................................................................. 2

**Statutes**

5 U.S.C. §

552(a)(2) .......................................................................................................................................... 1

552(a)(6)(A)(i) ............................................................................................................................. 4-6

552(a)(6)(C) .................................................................................................................................... 6

552(b)(7)(A) .................................................................................................................................... 2

**Federal Rules of Civil Procedure**

12(d) ................................................................................................................................... 2

12(b)(6) .............................................................................................................................. 1

12(a)(4) .............................................................................................................................. 1

Plaintiff Al Otro Lado, Inc. instituted this lawsuit under the Freedom of Information Act ("FOIA") against U.S. Customs and Bored Protection ("CBP" or "Defendant"). ECF No. 10, Am. Compl. Plaintiff seeks to force compliance with two FOIA requests it sent and with 5 U.S.C. § 552(a)(2), the so-called "reading room" provision. *See id.* ¶¶ 155, 170.[1] The record, however, establishes that Plaintiff did not properly exhaust one of its requests. Accordingly, Defendant is entitled to summary judgment as to that request, and any claims related to it should be dismissed.

## LEGAL STANDARDS

### I. FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

Rule 12(b)(6) permits a defendant to move for dismissal on the ground that the complaint has failed "to state a claim upon which relief can be granted." Such a motion "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint containing only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion to dismiss. *Id*. In addition, the presumption of truth accorded to factual allegations

---

[1] Defendant's motion "suspends the time by which it must respond to the entirety of the Complaint." *Betz v. First Credit Servs.*, 139 F. Supp. 3d 451, 456 n.4 (D.D.C. 2015). "Rule 12(a)(4) . . . provides that the service of a motion under Rule 12 suspends the movant's time to respond until 14 days after the court's disposition of the motion." *Kangethe v. D.C. Dep't of Emp. Servs.*, 891 F. Supp. 2d 69, 71 (D.D.C. 2012). Accordingly, Defendant will file an Answer within fourteen days of the Court's disposition of this motion.

at this stage does not apply to legal conclusions in a complaint, including those "couched" as factual allegations. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**II.     SUMMARY JUDGMENT UNDER RULE 56**

"FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003). "Although the exhaustion requirement under FOIA is not jurisdictional, judicial review is precluded under FOIA as a jurisprudential matter because 'the purposes of exhaustion and the particular administrative scheme support such a bar.'" *Lakin v. Dep't of Just.*, 917 F. Supp. 2d 142, 144 (D.D.C. 2013) (quoting *Hidalgo*, 344 F.3d at 1259)). "In general, exhaustion arguments in FOIA cases are analyzed under Rule 12(b)(6)." *Pinson v. Dep't of Just.*, 69 F. Supp. 3d 108, 111 (D.D.C. 2014) (citing *Hidalgo*, 344 F.3d at 1260 (vacating the district court's summary judgment order and remanding the case with instructions to dismiss the complaint under Rule 12(b)(6) on exhaustion grounds); *Jean-Pierre v. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012) ("Although FOIA cases 'typically and appropriately are decided on motions for summary judgment,' where an agency argues that the requester has failed to exhaust his administrative remedies, courts analyze the matter under Rule 12(b)(6) for failure to state a claim.") (citation omitted)). "If, however, the defendant's motion references matters outside the pleadings, a court must treat the motion as one for summary judgment, not as one for dismissal based on failure to state a claim under Rule 12(b)(6)." *Pinson*, 69 F. Supp. 3d at 111–12 (citing Fed. R. Civ. P. 12(d), *Colbert v. Potter*, 471 F.3d 158, 164 (D.C. Cir. 2006), and *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003) (additional citation omitted)).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Def. of Wildlife v. U. S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citation omitted). A court may grant summary judgment when "the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant. *Scott v. Harris*, 550 U.S. 372, 380, (2007). The principal purpose of summary judgment is to streamline litigation by disposing of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact. *See* Rule 56(c)(1); *Celotex*, 477 U.S. at 323. In response, the non-movant must point to specific facts in the record that reveal a genuine issue that is suitable for trial. *See Celotex*, 477 U.S. at 324. In considering a motion for summary judgment, a court must avoid "making credibility determinations." *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007). The Court must analyze all underlying facts and inferences in the light most favorable to the non-movant. *See Anderson*, 477 U.S. at 255.

Nevertheless, conclusory assertions offered without any evidentiary support do not establish a genuine issue for trial. *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citation omitted). "In addition, the nonmoving party cannot rely upon inadmissible evidence to survive summary judgment; rather, the non-moving party must rely on evidence that would arguably be admissible at trial." *Manuel v. Potter*, 685 F. Supp. 2d 46, 58 (D.D.C. 2010) (internal citations and quotation marks omitted).

## ARGUMENT

On February 16, 2024, Plaintiff submitted a FOIA request to CBP seeking purchase orders for fentanyl lollipops, oral transmucosal fentanyl citrate, morphine, and Dilaudin and emails from Dr. Alexander Eastman containing the key words "fentanyl," "oral trans mucosal," or "lollipops."

3

Am. Compl. ¶ 80. On March 20, 2024, CBP responded to Plaintiff's FOIA request, denying it under Exemption 7(A). *Id.* ¶ 82. Prior to filing its Complaint with this Court, Plaintiff failed to appeal CBP's final determination regarding the February 16, 2024, request. *See* Stmt. ¶¶ 7-8. Therefore, because Plaintiff failed to exhaust administrative remedies as to that request as required under FOIA, the Court should dismiss the claim related to that request for failure to exhaust administrative remedies or, in the alternative, enter summary judgment in CBP's favor on such claim.

It is established law that, prior to suing under FOIA, a requester must demonstrate that he complied with the agency's filing procedures and internal appeals process. *See Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003); *accord Machado Amadis v. Dep't of State*, 971 F.3d 364, 371 (D.C. Cir. 2020) ("As a general matter, a FOIA requester must exhaust administrative appeal remedies before seeking judicial redress." (quoting *Citizens for Resp. & Ethics in Wash. ("CREW") v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013))). "[E]ven though they are not jurisdictional, FOIA's exhaustion requirements are not mere formalities to be routinely ignored, some unseemly morass of bureaucratic red tape. Instead, exhaustion is regarded as a core component of orderly procedure and good administration—a doctrinal safeguard that preserves agency authority and judicial efficiency." *Haleem v. Dep't of Def.*, Civ. A. No. 23-1471 (JEB), 2024 WL 230289, at *5 (D.D.C. Jan. 22, 2024) (cleaned up).

"The statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request. . . . Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." *Oglesby v. Dep't of Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990); *see also* 5 U.S.C. § 552(a)(6)(A)(i), (ii). Where a plaintiff fails to show that he exhausted administrative remedies,

4

his claim should be dismissed. *See Bigwood v. Def. Intel. Agency*, 699 F. Supp. 2d 114, 117 (D.D.C. 2010) ("The plaintiff, however, has provided no argument or evidence indicating that he exhausted his administrative appeal options."); *Bestor v. CIA*, Civ. A. No. 04-2049, 2005 WL 3273723, at *1 (D.D.C. Sept. 1, 2005) ("Because the plaintiff has failed to allege or provide proof of exhaustion and because the purposes of exhaustion do not support judicial review at this stage, the defendant's motion to dismiss will be granted.").

Under FOIA, an agency generally must notify a requester of its "determination and the reasons therefor" within twenty business days of receiving the request. 5 U.S.C. § 552(a)(6)(A)(i). FOIA also requires the agency, by the same deadline, to notify the requester of his right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, "to appeal to the head of the agency" and "to seek dispute resolution services from the FOIA Public Liaison of the agency." *Id.* If the agency meets the twenty-day deadline, or if its failure to meet the deadline is the result of "unusual" circumstances warranting an extension, then the "requester is required to administratively appeal that 'determination' before bringing suit." *CREW*, 711 F.3d at 182; *see also* 5 U.S.C. § 552(a)(6)(B)-(C). "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61. Failure to exhaust is not jurisdictional under FOIA, but it "precludes judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar." *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (cleaned up).

Here, CBP informed Plaintiff on March 20, 2024, that its request was denied. CBP informed Plaintiff that it could administratively appeal the decision. Plaintiff did not do so and instead filed suit. Thus, Plaintiff failed to exhaust its administrative remedies under FOIA. It is of

no matter that CBP denied Plaintiff's request on March 20, 2024, which was thirty-three days after Plaintiff submitted the request, and under the statute, CBP should have issued a determination within twenty days. *Cf.* 5 U.S.C. §§ 552(a)(6)(A)(i); 552(a)(6)(C)(i). Once CBP issued its determination on March 20, 2024, even though late, Plaintiff was obligated to comply with CBP's administrative appeals process to give CBP "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61. As the Court instructed in *Oglesby*:

> We agree with this interpretation of the exhaustion provision, i.e., that an administrative appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed. The ten day constructive exhaustion under 5 U.S.C. § 552(a)(6)(C) allows immediate recourse to the courts to compel the agency's response to a FOIA request. But once the agency responds to the FOIA request, the requester must exhaust his administrative remedies before seeking judicial review. This interpretation of the exhaustion provision of the FOIA is consistent with the structure of the statute.

*Oglesby*, 920 F.2d at 63-64; *see also Ivey v. Paulson*, 227 F. App'x 1 (D.C. Cir. 2007) ("By responding to appellant's remaining FOIA requests before the instant suit was filed, appellees cured their failure to timely respond to these requests."); *Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003) ("If the agency responds to the request after the twenty-day statutory window, but before the requester files suit, the administrative exhaustion requirement still applies."); *Haleem v. Dep't of Def.*, Civ. A. No. 23-1471 (JEB), 2024 WL 230289, at *6 (D.D.C. Jan. 22, 2024) ("Each of the direct-recipient agencies . . . responded to [the plaintiff's] . . . requests before he filed the instant lawsuit, thereby curing any prior failures to respond and defeating constructive exhaustion."); *Shteynlyuger v. Ctrs. for Medicare & Medicaid Servs.*, 698 F. Supp. 3d 82, 106 (D.D.C. 2023) ("Constructive exhaustion, however, is a viable way to exhaust only if the agency has not cured its failure to respond within the statutory period by responding to the FOIA request before suit is filed." (cleaned up)).

In support of this motion, Defendant offers the Declaration of Patrick Howard, a Branch Chief of CBP's FOIA Division. *See* Ex 1, Howard Decl. Mr. Howard's declaration establishes that CBP did not receive an appeal from Plaintiff regarding the FOIA request at issue. *See* Howard Decl. ¶ 8. Specifically, Mr. Howard states that "CBP has no record of receiving an administrative appeal concerning CBP's determination in response to FOIA Request No. CBP-FO-2024-061005." *Id.* "CBP FOIA queried its SecureRelease system and noted that the "Linked Requests" and "Appeals Queue" fields are blank, indicating no appeal was filed through SecureRelease." *Id.* "If Plaintiff had filed an appeal, it would have been logged in the SecureRelease system." *Id.*

Accordingly, Plaintiff failed to exhaust its administrative remedies. The Court should dismiss, or in the alternative, enter summary judgment for Defendant as to any claims pertaining to Plaintiff's February 16, 2024, FOIA request.

\*   \*   \*

## **CONCLUSION**

Plaintiff has failed to exhaust one of its FOIA claims at issue in this matter and accordingly that claim must be dismissed or, in the alternative, judgment should be entered on Defendant's behalf with respect to that claim. A proposed order is enclosed herewith.

Dated: October 9, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:      /s/ *Kaitlin K. Eckrote*
KAITLIN K. ECKROTE, D.C. Bar #1670899
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252–2485
Kaitlin.Eckrote@usdoj.gov

*Attorneys for the United States of America*

8