UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AL OTRO LADO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND<br>BORDER PROTECTION,<br><br>Defendant. | Civil Action No. 24-0925 (TJK) |

**JOINT STATUS REPORT**

Pursuant to the Court's April 13, 2026, Minute Order, the Parties conferred and respectfully submit the following status report on this Freedom of Information Act ("FOIA") case:

Plaintiff submitted a FOIA request to Defendant U.S. Customs and Border Protection ("CBP") on March 18, 2024. The request sought records related to Dr. Alexander Eastman and CBP's fentanyl policies and investigations with six specific subcategories. ECF No. 10 at 18. The subcategories include: (1) all of Dr. Eastman's August and September 2023 communications regarding fentanyl or other opioids; (2) the results of all prior CBP Office of Professional Responsibility ("OPR") investigations into Dr. Eastman, including for "improper ordering and procurement of narcotics"; (3) the identity of Dr. Eastman's friend, the CBP helicopter pilot involved in Dr. Eastman's trip to New York City and whom Dr. Eastman attempted to hire into an Office of the Chief Medical Officer ("OCMO") leadership position; (4) all policies written by Dr. Eastman regarding procurement, storage, and disposal of Schedule II narcotics; (5) all communications between Dr. Eastman and any Deloitte employees beginning in May of 2023 until present; and (6) all communications between Dr. Eastman and Elaine Duke, former United States Deputy Secretary of Homeland Security, beginning in May of 2023 to present. CBP responded on

March 20, 2024, and explained that the records were exempt under FOIA exemption 7(A) as part of an open or pending investigation. On December 1, 2025, OPR confirmed that the CBP investigation into Dr. Eastman regarding any alleged improper ordering and procurement of narcotics was complete.

Accordingly, and due to this pending litigation, the Agency re-opened Plaintiff's FOIA request by searching for potentially responsive documents. Specifically, CBP conducted an e-Discovery and program office search and initially identified approximately 4,079 pages, which require review for responsiveness and deduplication. The 4,079 pages contain emails, policy documents, and the outcome of OPR's investigation into the improper ordering and procurement of narcotics. CBP's FOIA Office anticipated processing 500 pages per month, with the first release of documents on or about February 27, 2026, unless a lapse in appropriations impacted FOIA Office operations.

At the time of the last Joint Status Report on April 10, 2026, CBP reported it was unable to produce documents in response to the request related to Dr. Alexander Eastman and CBP's fentanyl policies and investigations. It explained CBP was experiencing a lapse in appropriations which began February 14, 2026. It further explained CBP FOIA staff performed certain work in the first several weeks of the lapse of appropriations, including reviewing records for responsiveness and beginning to conduct appropriate redactions for this request. After further review, CBP's FOIA Division in the Privacy, FOIA, and EEO Office determined that it could no longer work on FOIA matters, including but not limited to, processing FOIA requests or issuing FOIA productions until the lapse of appropriations ended. It stated once appropriations are restored, the Agency's orderly return will take time as FOIA staff work through backlogs and triage tasks. The lapse of appropriations ended on April 30, 2026.

Since the last Joint Status Report and since the lapse of appropriations ended, CBP has identified three additional investigations into Dr. Eastman, and although they are unrelated to the investigation into improper ordering and procurement of narcotics and the other subcategories in Plaintiff's FOIA request, they arguably fall within the ambit of subcategory (2). Accordingly, the Parties are discussing which records are of interest to Plaintiff, and once the Parties agree on which records to process first, CBP anticipates being able to process 500 pages each month.

Additionally, on April 1, 2024, Plaintiff submitted a FOIA request to CBP notifying CBP of its alleged failure to publicly post certain policy and staff instructions, which Plaintiff alleged was required under 5 U.S.C. § 552(a)(2). *Id.* at 19. As previously reported, CBP has been working diligently on the 5 U.S.C. § 552(a)(2) matter. On December 5, 2024, CBP assigned a GS-15 Senior Advisor to establish an Agency-wide independent review of CBP's current reading room practices, including the structure and maintenance of the reading room. Specifically, efforts were made to ascertain which section 552(a)(2) documents were already publicly available on CBP's FOIA Reading Room or elsewhere on its public-facing website; identify documents that may fall within the scope of section 552(a)(2) that have not been published; and create a comprehensive process for cross-office collaboration between personnel in relevant CBP offices that includes determining statutory responsiveness of documents, assessing whether each document could be disclosed (and if so, what redactions would be necessary to protect exempt information), reviewing documents, finalizing documents for publication, and logging those documents that are made available.

On March 24, 2025, CBP informed Plaintiff that it had identified 1,898 documents consisting of 27,697 pages that will need to be reviewed for responsiveness, and, if responsive, processed for application of FOIA exemptions and necessary redactions before being published directly to CBP's FOIA Reading Room, if deemed both subject to section 552(a)(2) and as

3

containing non-exempt material. CBP broke down the document number and page count by eleven CBP offices.

In a good faith effort to continue working toward settlement, Plaintiff provided CBP with a narrow list of seventeen topics of interest for which it is seeking section 552(a)(2) records. Based on the topics identified by Plaintiff, CBP identified 154 documents consisting of 1,874 pages as being related to those topics. CBP began processing documents from its larger universe of 1,898 documents but agreed to shift gears and prioritize review of the smaller universe of 154 documents of interest in an effort to satisfy Plaintiff and avoid further litigation.

As previously reported, between the May and July joint status reports, CBP reviewed a total of 1,069 pages, 622 pages of which related to Plaintiff's topics of interest. 17 documents, consisting of 182 pages, had been or were already posted to CBP's FOIA Reading Room, Documents Library, or Accountability & Transparency page either in full or in part pursuant to relevant FOIA exemptions. 15 additional pages were determined to not be subject to section 552(a)(2), as the documents were not in effect, and 872 additional pages were determined not to be subject to proactive disclosure requirements under section 552(a)(2).

Between the July and September joint status reports, CBP reviewed a total of 1,448 pages, 242 pages of which relate to Plaintiff's topics of interest. 27 documents, consisting of 589 pages, have been or were already posted to CBP's FOIA Reading Room, Documents Library, or Accountability & Transparency page either in full or in part pursuant to relevant FOIA exemptions. 284 additional pages were determined to not be subject to section 552(a)(2), as the documents are not in effect, and 575 additional pages were determined not to be subject to proactive disclosure requirements under section 552(a)(2). The 589 pages that have been or were already posted either in full or in part include 27 documents, 16 of which relate to Plaintiff's topics of interest.

Between the September and December joint status reports, CBP reviewed a total of 274 pages, 236 pages of which relate to Plaintiff's topics of interest. 4 documents, consisting of 24 pages, had been or were already posted to CBP's FOIA Reading Room, Documents Library, or Accountability & Transparency page either in full or in part pursuant to relevant FOIA exemptions. 10 pages were determined to not be subject to section 552(a)(2), as the documents were not in effect, and 202 additional pages were determined not to be subject to proactive disclosure requirements under section 552(a)(2). The 24 pages that had been or were already posted either in full or in part include 4 documents which relate to Plaintiff's topics of interest.

Between the December and February joint status reports, CBP reviewed a total of 1,930 pages, 1032 pages of which relate to Plaintiff's 17 topics of interest. 19 documents, consisting of 268 pages, had been or were already posted to CBP's FOIA Reading Room, Documents Library, or Accountability & Transparency page either in full or in part pursuant to relevant FOIA exemptions. 20 documents, consisting of 1,626 pages, were determined to not be subject to section 552(a)(2). 5 documents, consisting of 36 pages, have been rescinded and are no longer in effect. The 268 pages that have been or were already posted either in full or in part include 19 documents which relate to Plaintiff's topics of interest.

Between the February and April joint status reports, and prior to CBP's FOIA Division determining it could no longer work on FOIA matters, CBP processed a total of 62 documents, totaling 754 pages, all of which relate to Plaintiff's 17 topics of interest. 3 documents, consisting of 27 pages, had been or were already posted to CBP's FOIA Reading Room, Documents Library, or Accountability & Transparency page either in full or in part pursuant to relevant FOIA exemptions. 13 documents, consisting of 386 pages, were determined to not be subject to section 552(a)(2). 46 documents, consisting of 341 pages, had been rescinded and were no longer in effect.

The 27 pages that had been or were already posted in full or in part included 3 documents which relate to Plaintiff's topics of interest.

Since the last status report, CBP reviewed a total of 107 pages, all of which relate to Plaintiff's 17 topics of interest. 12 documents, consisting of 77 pages, had been or were already posted to CBP's FOIA Reading Room, Documents Library, or Accountability & Transparency page either in full or in part pursuant to relevant FOIA exemptions. 5 documents, consisting of 30 pages, have been rescinded and are no longer in effect. The 77 pages that have been or were already posted either in full or in part include 12 documents which relate to Plaintiff's topics of interest: CBP Directive NO:2130-031 Roles and Responsibilities of U.S. Customs and Border Protection Offices and Personnel Regarding Provision of Language Access; CBP Directive 1520-016: Legal Hold; USBP IOP: National Emergency Medical Services Program; USBP Memorandum: Custodial Photograph and Fingerprints; CBP Directive NO. 5350-026; CBP Third-Party Medical Claims Management Program; Distribution Memorandum of CBP Directive NO. 5350-026; USBP Additional Northern Border Expedited Removal Guidance; OFO Memorandum: Implementation of the Immigration Parole Fee; CBP Directive 1510-002B; Personnel Designated to Act as Customs Officers; Commissioner Memorandum: Updated Guidance on Referral of Unaccompanied Alien Children Engaged in Criminal Activity for Prosecution; CBP Directive 3410-001A: CBP Implementation of the DNA Fingerprinting Act of 2005; and USBP Family Separation Policy Guidance.

CBP has completed processing all identified documents that fall within Plaintiff's topics of interest.

As reported in the last status report, CBP has commenced a review of its proactive disclosure framework and related policies. This work remains under internal review, and no finalized updates have been implemented at this time.

The parties respectfully propose that they be ordered to file a further Joint Status Report on or before August 10, 2026, with an update on the Agency's processing and a proposal for further proceedings if needed.

Dated: June 9, 2026                          Respectfully submitted,

*/s/ Andrew Fels*                            JEANINE FERRIS PIRRO
ANDREW FELS                                  United States Attorney
D.C. Bar #TN0025
Al Otro Lado                                 By: */s/ Kaitlin K. Eckrote*
P.O. Box 907                                 KAITLIN K. ECKROTE
Maywood, CA 90270                            D.C. Bar #1670899
(865) 567-4881                               Assistant United States Attorney
andrew@alotrolado.org                        601 D Street NW
                                             Washington, D.C. 20530
*Counsel for Plaintiff*                      (202) 252-2485
                                             Kaitlin.eckrote@usdoj.gov

                                             *Counsel for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AL OTRO LADO,

       Plaintiff,

    v.

UNITED STATES CUSTOMS AND
BORDER PROTECTION,

       Defendant.

Civil Action No. 24-0925 (TJK)

## **[PROPOSED] ORDER**

UPON CONSIDERATION of the parties' Joint Status Report, it is hereby

ORDERED the parties shall file their next Joint Status Report on August 10, 2026. with an update on the processing of Plaintiff's FOIA requests and a proposal for further proceedings, if necessary.

SO ORDERED:

_____
Dated

_____
United States District Judge